UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES MARSHALL,<br>    Petitioner, | Civil Action No. 1:09-cv-429 |
| vs. | Barrett, J.<br>Hogan, M.J. |
| WARDEN, WARREN CORRECTIONAL<br>INSTITUTION,<br>    Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's motion for leave to stay the proceedings and hold in abeyance (Doc. 19), to which respondent has not filed a memorandum in opposition.

Petitioner seeks a stay of his pending habeas corpus action to pursue in the state court a motion for a new trial and/or petition for post-conviction relief based on a claim of actual innocence. Attached to petitioner's state court motion are four affidavits, including that of his co-defendant Jason Jones, implicating Jones as the shooter of the murder victim. (Doc. 19, attachments).

The district court has the discretion to administratively stay a federal habeas corpus action pending the petitioner's exhaustion of his available state remedies of an unexhausted habeas corpus claim. *See* 28 U.S.C. § 2254(c); *see also Rhines v. Weber*, 544 U.S. 269 (2005). The Court determines there is good cause for a stay in this matter. It does not appear that the unexhausted claim is "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277-78.

Accordingly, **IT IS HEREBY RECOMMENDED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition (Doc. 2) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court

is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/11/10

Kl

Timothy S. Hogan
United States Magistrate Judge

---

[1] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. See *Slack*, 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES MARSHALL,
    Petitioner,

vs.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
    Respondent

Civil Action No. 1:09-cv-429

Barrett, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>James Marshall #528-001<br>Warren Corr. Inst.<br>PO Box 120<br>State Route 63<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 8633 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:09cv429 (Doc. 20)