# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES MARSHALL,
:
    Petitioner,                                          Case No. 1:09-cv-429

:                District Judge Sandra S. Beckwith
  -vs-                                        Magistrate Judge Michael R. Merz

Warden, Ross Correctional Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO ALTER THE JUDGMENT

This habeas corpus action is before the Court on Petitioner's Motion for Reconsideration and/or to Alter and/or Amend (Doc. No. 50).  Because the Motion was filed within the time allowed for a motion to amend the judgment under Fed. R. Civ. P. 59, it will be dealt with on that basis.  As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

A motion under Fed. R. Civ. P. 59(e) may be granted to correct a manifest error of law, to permit the presentation of newly-discovered evidence, if necessary to prevent a manifest injustice, or if justified by an intervening change in controlling law.  Wright, Miller & Kane, Federal Practice and Procedure:  Civil § 2810.1 (2012). It may not be used to relitigate old matters.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Palmer v. Champion Mortg.*, 465 F.3d 24 (1st Cir. 2006)..

**Motion to Expand the Record**

Marshall repeats his claim that "there were five (5) missing pages of grand jury testimony that prove that Jason Jones is, was, and has always been the actual and only shooter related to Petitioner's case." (Motion, Doc. No. 50, PageID 3472.)  He asks the Court to reconsider its denial of the Motion to Expand the Record. (See Doc. No. 39, PageID 3308-10.)

Petitioner has failed to show that the Court's prior decision on this question, which maintained the secrecy of the grand jury proceedings, was in any way a manifest error of law. The fact that there is inconsistency between some grand jury testimony and trial testimony does not make the version which favors a defendant's position the necessarily true version.

**Insufficiency of the Evidence**

In this portion of the Motion, Marshall merely reargues the position he has previously argued, to wit, the fact that he was the passenger in the Durango does not prove he fired the fatal shot; it could have been the driver.  The sufficiency of the evidence test under *Jackson v. Virginia*, 443 U.S. 307 (1979), is not whether the evidence could be construed in a way to exonerate the habeas petitioner, but whether a rational juror could have convicted on the basis of the evidence presented, construing that evidence most strongly in favor of the State.

Both the undersigned and District Judge Beckwith found the state court decision that there was sufficient evidence satisfied the doubly deferential standard which applies to this question under the AEDPA.  Petitioner offers no good reason to revisit that analysis.

**Prosecutorial Misconduct**

The Petition raised three claims of prosecutorial misconduct. This Court rejected all three (Order, Doc. No. 48, PageID 3459-60). The instant Motion merely reiterates in a conclusory way the claim about not handing over the DVDs and says nothing about the Court's finding that this claim was procedurally defaulted. As to the failure to disclose Yolanda Bailey as a favorable witness under *Brady*, Marshall makes no response to the Court's conclusion that Bailey told police she did not witness the murder and only became a favorable witness after Marshall was convicted. This claim also need not be revisited.

**Motion for New Trial**

On this claim, the District Judge concluded, contrary to the Report and Recommendations, that the claim could be considered in habeas, but that it was without merit in that the state court determination that Yolanda Bailey's testimony would not have been outcome determinative was not objectively unreasonable (Order, Doc. No. 48, PageID 3460-62). Yolanda Bailey would have been thoroughly impeached. She not only failed to come forward prior to trial, but she lied to the police when she told them she had not witnessed the shooting or she lied in her affidavit when she said she had. Petitioner has shown no manifest error of law in the District Judge's decision.

**Error in Sentencing and Jury Instructions**

No argument is made here which the Court has not previously and correctly rejected.

**Ineffective Assistance of Trial Counsel**

This Eighth Ground for Relief included six sub-claims, all of which District Judge Beckwith rejected (Order, Doc. No. 48, PageID 3464-68).  The instant Motion only seeks reconsideration on the claim that trial counsel was ineffective for failing to interview Latonia Lawson (Motion, Doc. No. 50, PageID 3477).  The Magistrate Judge's Report and Recommendations (Doc. No. 39) and Supplemental Report and Recommendations (Doc. No. 43) as well as Judge Beckwith's Order (Doc. No. 48) do not discuss Latonia Lawson, but focus on Yolanda Bailey.  In his Objections to the Report and Recommendations on the fourth sub-claim, Marshall never mentioned Latonia Lawson (Doc. No. 41, PageID 3371-72).  Likewise in his Objections to the Supplemental Report and Recommendations, Marshall never mentioned Latonia Lawson (Doc. No. 46, PageID 3432).  Lawson is not mentioned in the Petition (Doc. No. 2) or in the thirty-five-page memorandum he filed in support of the Petition (Doc. No. 3, PageID 79-81).

The only references Marshall now makes to Latonia Lawson are to the trial transcript pages where her name was revealed by the prosecutor.  He has never presented any evidence of what she would have testified to if she had been called.  In the absence of such proof, he cannot show ineffective assistance of trial counsel for failure to call her as a witness.  Even if she had favorable testimony to give, this sub-claim as to Latonia Lawson would be barred by Marshall's

failure to bring it to the Court's attention until this point in the proceedings.

**Conclusion**

Nothing raised in the Motion for Reconsideration meets the standard for granting relief under Fed. R. Civ. P. 59(e).  The Motion should be denied.

December 5, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).