**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| James Marshall, | ) |
| | ) |
| Petitioner, | ) Case No. 1:09-CV-429 |
| | ) |
| vs. | ) |
| | ) |
| Warden, Ross Correctional | ) |
| Institution, | ) |
| | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner James Marshall's motion to alter or amend judgment (Doc. No. 50), Magistrate Judge Merz's Report and Recommendation recommending that Petitioner's motion be denied (Doc. No. 51), and Petitioner's objections to that Report and Recommendation (Doc. No. 52).  For the reasons that follow, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation. Petitioner's motion to alter or amend judgment is not well-taken and is **DENIED.**

Petitioner is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction serving a sentence of 20½ years of imprisonment for the murder of Junis Sublett during a drug deal.  After Petitioner exhausted his state court appeals and state post-conviction remedies, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which raised a number of assignments and sub-assignments of error. He also moved the Court to expand the record to include grand jury transcripts not included in the record and for an evidentiary hearing.  Magistrate Judge Merz issued a

Report and Recommendation finding that Petitioner's claims are either without merit or procedurally defaulted.  Judge Merz also found that Petitioner is not entitled to expand the record and that he is not entitled to an evidentiary hearing on any of his claims.

On November 19, 2013, the Court entered an order (Doc. No. 48) which adopted Judge Merz's Report and Recommendation, denied Petitioner a certificate of appealability, and denied Petitioner leave to proceed in forma pauperis on appeal. Petitioner then filed a motion to alter or amend judgment (Doc. No. 50) which claims that the Court made several errors analyzing his habeas petition and his motions to expand the record and for an evidentiary hearing.  Judge Merz issued a new Report and Recommendation which largely found that Petitioner's latest motion only reiterates or reargues positions previously rejected by the Court.  Judge Merz recommended that Petitioner's motion to alter or amend judgment be denied.  Petitioner now objects to that Report and Recommendation.

In order to prevail on a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the movant must show 1) a clear error of law; 2) newly-discovered evidence; 3) an intervening change in controlling law; or 4) a need to prevent manifest injustice.  Interra Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).  "Rule 59(e)," however, "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"  Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).  Petitioner has not demonstrated that the Court made a clear error of law or any other basis for reconsidering its rejection of his petition for a writ of habeas corpus.

1. Motion to Expand the Record and for an Evidentiary Hearing

Petitioner's motion fails to address, much less refute, the Court's conclusion that

expansion of the record to include excerpts of grand jury transcripts is precluded by

Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011), because they were not before the

state court when it adjudicated his claim that the prosecution withheld relevant

impeaching evidence. Similarly, Petitioner has not addressed the Court's conclusion

that Pinholster precludes his motion for an evidentiary hearing.  Doc. No. 48, at 8-10.

## 2. Insufficiency of the Evidence

Petitioner continues to insist that he did not shoot Sublett and that no witness

ever identified him as the person who shot Sublett.  In persisting with this line of

argument, Petitioner simply fails to assess the evidence in the light most favorable to

the prosecution, which is the correct standard of review.  As the Court has discussed

already, the state court of appeals reasonably found that sufficient circumstantial

evidence supported the jury's conclusion that Petitioner murdered Sublett.  Id. at 10-11.

## 3. Prosecutorial Misconduct

Petitioner reiterates that the prosecution committed a Brady violation by not

disclosing Yolanda Bailey as a witness and by not disclosing certain DVD's concerning

Sublett's and Randy Washington's prior robberies and possession of guns.  Petitioner,

however, has failed to address the Court's conclusion that Bailey did not possess

exculpatory evidence or testimony because she claimed not to have seen Sublett's

murder until after the trial was over.  Similarly, Petitioner has failed to address the

Court's conclusion that he procedurally defaulted his Brady claim about the DVD's.  Id.

at 15.

## 4. Motion for New Trial

Petitioner's claim that the state court erred in denying his motion for a new trial is

based on a combination of the grand jury transcripts that were not a part of the record and Yolanda Bailey's post-trial claim that the driver of the Dodge Durango shot Sublett. Petitioner, however, cannot rely on the grand jury transcripts to support this claim for the reasons already discussed.  Additionally, Petitioner has not addressed the Court's analysis that a new jury likely would have viewed Bailey as an unreliable witness and still have convicted him of murdering Sublett.  Id. at 16-17.

### 5. Sentencing Error

This claim relates to Petitioner's contention that since murder and involuntary manslaughter are mutually exclusive offenses, he could not be convicted of both offenses.  Therefore, he contends, it was improper for the state court of appeals to vacate his involuntary manslaughter conviction and affirm his murder conviction. Petitioner, however, has not addressed the Court's conclusions that 1) even though involuntary manslaughter and murder are mutually exclusive offenses, involuntary manslaughter is a lesser included offense of murder; 2) that where the evidence is sufficient to convict the defendant on both the greater offense and the lesser included offense, the jury is not required to decide which of the two offenses the defendant committed; and 3) the state court properly merged Petitioner's involuntary manslaughter conviction into his murder conviction.  Doc. No. 48, at 17-19.

### 6. Ineffective Assistance of Trial Counsel

This claim seems to rest on shifting sands.  In relevant part, Petitioner originally argued that trial counsel was ineffective for failing to interview Yolanda Bailey as a potential witness.  The instant motion now argues that trial counsel was ineffective for failing to interview Latonia Lawson as a potential witness.  In his Report and

Recommendation, Judge Merz observed that this is the first time Petitioner has ever mentioned Latonia Lawson in these proceedings and, moreover, that Petitioner has not identified what Lawson would have testified about had she been called as a witness. Judge Merz also indicated that Petitioner would be barred from relying on Lawson to support his claim by not bringing her to the Court's attention until now.  In his objections, Petitioner now seems to claim that counsel's failure to interview Lawson proves that he conducted no investigation at all, and, therefore, that he was ineffective for failing to interview Bailey.  Whatever Petitioner's chain of reasoning is, however, the sudden emergence of Latonia Lawson does not undermine the Court's conclusion that the state court reasonably determined that the outcome of Petitioner's trial would not have been different had Yolanda Bailey testified.

## 7. Other Alleged Errors

Petitioner also objects that the Court's first order failed to address errors that Judge Merz allegedly made in his original Report and Recommendation reciting the facts of the case.  Specifically, Petitioner points to Judge Merz's statement that Sublett was shot twice in the head and from behind when Sublett was actually shot only once and from behind the left ear.  These alleged factual errors, however, do not alter the Court's analysis of Petitioner's claims.  Indeed, the Court's previous order correctly described Sublett's gunshot wound.  Doc. No. 48, at 2.

## Conclusion

5

For the foregoing reasons, Petitioner has not shown that the Court made a clear error of law, or any other ground, justifying reconsideration of its order denying his petition for a writ of habeas corpus.  Petitioner's objections to Magistrate Judge Merz's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  Petitioner's motion to alter or amend judgment is not well-taken and is **DENIED.**  Further motions to reconsider this order or the Court's order denying Petitioner's petition for a writ of habeas corpus will not be entertained.

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings.  Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84.  Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952

(6th Cir. 1997).


**IT IS SO ORDERED**

Date December 31, 2013                          s/Sandra S. Beckwith
                                                Sandra S. Beckwith
                                                Senior United States District Judge